2020 IL App (2d) 181013-U
No. 2-18-1013
Order filed May 26, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-3904 |
| JOSE A. GUTIERREZ, | ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not abuse its discretion in sentencing defendant to 15 years' imprisonment for criminal sexual assault: although the sentence was the statutory maximum, it was not excessive, as defendant had a long history of deviant sexual behavior, posed a serious risk of recidivism, and exhibited little rehabilitative potential.

¶ 2    Defendant, Jose A. Gutierrez[1], appeals a judgment sentencing him to a 15-year prison sentence for criminal sexual assault, a Class 1 felony (720 ILCS 5/12-13(a)(1), (b)(1) (West

_____

[1]Before sentencing, defendant admitted that he had used the name "Jose A. Gutierrez"

2006)). Defendant contends that the sentence, which is the statutory maximum (730 ILCS 5/5-8-1(a)(4) (West 2006)), is excessive. We affirm.

¶ 3                                I. BACKGROUND

¶ 4     Defendant was charged with criminal sexual assault and aggravated criminal sexual assault, a Class X felony (720 ILCS 5/12-14(a)(2), (d)(1) (West 2006)) with a sentencing range of 6 to 30 years' imprisonment (730 ILCS 5/5-8-1(a)(3) (West 2006)). Each count alleged that, on or about July 3, 2007, defendant, by the use of force, placed his finger into the victim's vagina. The charge of aggravated criminal sexual assault alleged also that he caused her bodily harm by making her strike her back on a curb.

¶ 5     On May 14, 2008, defendant entered an open plea of guilty to criminal sexual assault and the State agreed to dismiss the charge of aggravated criminal sexual assault. The factual basis for the plea was as follows. On July 3, 2007, defendant saw the victim in a Target store in Vernon Hills. She exited and he followed her. In the parking lot, he grabbed her, and they fell to the ground. Defendant used force to stick his finger into her vagina. The trial court, Judge George Bridges, accepted the plea and continued the cause for sentencing.

¶ 6     The presentencing investigation report (PSIR) disclosed the following. According to the victim, defendant put her into a bear hug, knocking them both to the ground, then inserted two fingers into her vagina while pressing his head against her breasts to prevent her from resisting. He then fled. Defendant told the police that, inside the store, the victim said "hi" to him; he took that as an invitation to engage with her, and outside, he approached and hugged her. He denied

---

fraudulently and that his legal name is Joaquin Carrasco-Herrera.

penetrating her vagina. He thought that she should accept some responsibility because she had initiated the encounter and dressed provocatively.

¶ 7    The PSIR stated that, in July 1998, defendant was arrested at a store after he followed a woman and then masturbated behind a clothes rack. He was given a year of court supervision. In November 2001, he was arrested for assault and disorderly conduct, resulting in a judgment of bond forfeiture. In 2003, he was found guilty of criminal trespass to a building and received a year of court supervision. In December 2003, he was deported. In 2006, having reentered the country illegally, he was arrested for retail theft and battery; he received six months' court supervision, which was later revoked, and was sentenced to pay court costs, fees, and fines for retail theft. In April 2007, defendant was charged with disorderly conduct. Defendant told the police that, while in a department store, he became aroused by seeing a woman in a mini-skirt and went to an isolated corner to masturbate. In June 2007, a conviction was entered.

¶ 8    Defendant, who was 34 years old at sentencing, stated that he illegally entered the country at age 17 or 18. He was married and had two children with his wife, but he was not in touch with them. He lived with his girlfriend, Anna Vazquez, with whom he had three children. Defendant reported that, between 2004 and 2007, he worked as a butcher at a supermarket and that, in 2003, he worked for about a year as a flooring and construction specialist.

¶ 9    Dr. Karen Chantry, a court-appointed evaluator, reported that defendant's sexually offending behavior had "the quality of an obsession that he [could not] resist." She considered him at high risk to reoffend. Another evaluator, Gerald Blain, opined that defendant was at "high risk for developing sexual[ly] aggressive tendencies toward wom[e]n," as he "easily justifie[d] and rationalize[d] his choices." Defendant was a "very poor candidate" for sex-offender treatment. Actuarial tests all placed him "in the high end of the range of risk."

¶ 10    On July 8 and 9, 2008, the court held a sentencing hearing. A Vernon Hills police detective testified that, on October 9, 2007, a Target store camera showed that defendant followed a woman around, then crawled under a table and masturbated to ejaculation. Defendant admitted the allegation and cooperated with police. Vazquez also testified that, while she and defendant lived together, he had never been violent toward her or her children and he had helped support them.

¶ 11    In sentencing defendant, Judge Bridges stated as followed. He had read the PSIR and considered all the factors in mitigation and aggravation. No mitigating factors applied. In aggravation, defendant had consistently seen his victims as partly responsible for his offenses. Moreover, after being deported, he reentered the country illegally. Defendant's repeated deviant behavior had escalated from public indecency to criminal sexual assault. A lengthy sentence was necessary to deter others and protect the public. Judge Bridges imposed the 15-year prison term.

¶ 12    Defendant did not file a postjudgment motion or appeal. On December 1, 2014, he filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)), alleging that his attorney had been ineffective for failing either to file a postjudgment motion or to take an appeal. The postconviction court, Judge Brian P. Hughes, dismissed the petition summarily, but we reversed and remanded. *People v. Gutierrez*, 2017 IL App (2d) 150325-U. On remand, defendant filed an amended petition. In an agreed order, the court allowed defendant to file a motion to reconsider his sentence.

¶ 13    In the motion, defendant argued that the trial court failed to consider several mitigating factors: he had no prior felonies; his prior offenses were not violent; he had little formal education; and a long sentence would inflict hardships on his wife, Vazquez, and his children. Further, he contended, the trial court had failed to consider the goal of restoring him to useful citizenship.

¶ 14    After hearing arguments, the postconviction court, Judge Patricia S. Fix, presiding, noted the following. Defendant did not know where his wife and their two children were residing. Although he had no prior felony convictions, he had two convictions of deviant behavior and had engaged in two sexually deviant acts that were not charged as offenses. The PSIR showed that "defendant's conduct was escalating, escalating quickly." Three months after the offense at issue here, defendant followed another woman in a Target store and masturbated. Defendant had several convictions of nonsexual offenses.

¶ 15    Judge Fix stated that she had considered the pertinent evidence in mitigation and aggravation, including the PSIR. She explained that Judge Bridges had properly found that no mitigating factors applied. Moreover, defendant's conduct, the evaluations by Blain and Chantry, and defendant's victim-blaming statements strongly indicated that he was likely to reoffend. Therefore, Judge Fix denied the motion to reconsider. Defendant timely appealed.

¶ 16                                   II. ANALYSIS

¶ 17    On appeal, defendant essentially repeats the arguments in his motion to reconsider. He argues that his sentence is excessive in view of the mitigating factors that he emphasized in the motion. He reiterates that his prior offenses were neither felonious nor violent; the trial court ignored the existence of mitigating factors; and the court unduly favored punishment over rehabilitation by imposing the maximum sentence that he could have received even had he gone to trial.

¶ 18    For the following reasons, we hold that defendant's sentence was not an abuse of discretion.

¶ 19    A trial court has broad discretion in fashioning a sentence, and we may not disturb a sentence that is within the statutory limits unless it is greatly at variance with the spirit and purpose

of the law or manifestly disproportionate to the nature of the offense. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). If mitigating evidence was before the court, we presume that the court considered it, absent some indication otherwise. *People v. Ressa*, 2019 Ill App (2d) 170439, ¶ 53. Where the record shows that the court acknowledged the PSIR, we presume that the court took into account the defendant's rehabilitative potential. *People v. Colbert*, 2013 IL App (1st) 112935, ¶ 25.

¶ 20    Preliminarily, we note that, although defendant's 15-year sentence was the statutory maximum for criminal sexual assault, he was also charged with aggravated criminal sexual assault, which carried a sentence of up to 30 years. The aggravating factor was that he caused the victim bodily harm, an allegation included in the factual basis for his plea, to which he admitted. Thus, defendant is incorrect in stating that his guilty plea resulted in the maximum penalty for his conduct. Even disregarding the benefit that defendant received by pleading guilty and having the more serious charge dismissed, his challenges are unpersuasive.

¶ 21    Defendant emphasizes that none of his prior offenses were felonies. However, his conduct, including both offenses of which he was convicted and acts for which he was not charged, amply supported the trial court's findings that his criminal tendencies were accelerating, he was a poor candidate for rehabilitation, and he was likely to reoffend. Indeed, by the time he was arrested, defendant had *already* reoffended: three months after assaulting the victim in this case, he admittedly masturbated inside a Target store. Although most of defendant's deviant sexual acts were not felonies, he committed three of them over a mere six months in 2007. The court rightly concluded that, whatever defendant's potential for rehabilitation, he was headed in the opposite direction at the time of sentencing.

¶ 22    The court had further evidence that defendant's rehabilitative potential was slight and long-term at best, while his potential for deterioration was great and immediate. Chantry and Bain, two

professional evaluators, placed defendant at a high risk of reoffending and did not consider him a good candidate for sex-offender treatment. Defendant made several statements attempting to deflect blame from himself to his victims.

¶ 23     Defendant's contention that the trial court did not consider mitigating evidence is not borne out by the record. Both Judge Bridges and Judge Fix stated that they had considered all of the relevant evidence, including the PSIR, and referred to the PSIR in explaining their decisions. Defendant cannot show that the trial court neglected any mitigating factors.

¶ 24     Defendant has not shown that his sentence is excessive or that the court ignored any pertinent factors. We must affirm the court's exercise of its discretion.

¶ 25                                   III. CONCLUSION

¶ 26     For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 27     Affirmed.